UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                                              Chapter 7

Darou Samb,                                                         Case No. 14-40552

      Debtor.                                                    Hon. Phillip J. Shefferly
_____/

### ORDER DENYING MOTION FOR SANCTIONS FOR
### WILLFUL VIOLATION OF THE AUTOMATIC STAY

On January 17, 2014, the Debtor filed this Chapter 7 case. On April 29, 2014, the Debtor received a discharge. The case was closed on May 2, 2014. On September 3, 2014, the Debtor filed a motion to reopen this case for the purpose of filing a motion to impose sanctions against an unnamed creditor who the Debtor alleged had willfully violated the automatic stay. The motion to reopen was granted by the Court on November 3, 2014.

On November 24, 2014, the Debtor filed the motion for sanctions ("Motion for Sanctions") (ECF No. 19). The Motion for Sanctions identifies the creditor who is alleged to have violated the automatic stay as Physicians for Health, PLC ("Creditor"). The Motion for Sanctions alleges in paragraph 11 that the Debtor received a bill from the Creditor on April 22, 2014, after filing his Chapter 7 case, for $103.69 for medical services rendered by the Creditor pre-petition. The Motion for Sanctions does not allege any other conduct by the Creditor. The Motion for Sanctions requests that the Court find that the Creditor willfully violated the automatic stay and is therefore liable to the Debtor for actual damages, punitive damages and attorney fees under § 362(k) of the Bankruptcy Code.

No response to the Motion for Sanctions was filed by any party. On December 17, 2014, the Debtor filed a certificate of no response (ECF No. 21). Attached to the certificate of no response is an affidavit by attorney Morris B. Lefkowitz and an affidavit by attorney David P. Leibowitz. On January 30, 2015, the Debtor submitted to the Court for entry a proposed order granting the Motion for Sanctions and awarding the Debtor a total of $7,601.00 consisting of damages of $2,000.00, punitive damages of $2,000.00, and attorney fees of $3,601.00.

Section 362(k)(1) of the Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."

"[A] 'willful violation' [does] not require proof of a specific intent to violate the stay, but rather an intentional violation by a party aware of the bankruptcy filing. . . . A violation of the automatic stay can be willful when the creditor knew of the stay and violated the stay by an intentional act." TranSouth Financial Corp. v. Sharon (In re Sharon), 234 B.R. 676, 687-88 (B.A.P. 6th Cir. 1999) (citations omitted).

"An individual seeking damages under § 362(k) must prove, by a preponderance of the evidence, that damages were 'proximately caused by and reasonably incurred as a result of the violation of the automatic stay.'" In re Baer, No. 11-8062, 2012 WL 2368698, at *10 (B.A.P. 6th Cir. June 22, 2012) (quoting Grine v. Chambers (In re Grine), 439 B.R. 461, 471 (Bankr. N.D. Ohio 2010) (citing Archer v. Macomb County Bank, 853 F.2d 497 (6th Cir. 1988))).

Section 362(k) also allows for an award of punitive damages "in appropriate circumstances." "Although courts are required to award actual damages to an injured plaintiff

-2-

for violations of the automatic stay, the imposition of punitive damages is left to the court's discretion." Hunt v. United States (In re Tyson), 450 B.R. 754, 766 (Bankr. W.D. Tenn. 2011) (citation omitted).

The Sixth Circuit has given some guidance as to what are "appropriate circumstances" in Archer v. Macomb County Bank, 853 F.2d 497 (6th Cir. 1988).  In this case, a bank received notice of a chapter 11 petition, but published foreclosure notices four times, publishing three of them after being contacted by debtor's counsel and asked to stop.  853 F.2d at 498.  The court remanded, finding the award of damages too speculative, but noted that

> [i]f the bankruptcy court believes that the amount of such actual damages is insufficient to deter the kind of deliberate and repeated violations of the automatic stay which are evident in this case, the bankruptcy court is free to impose an appropriate amount of punitive damages.

Id. at 500.  See also In re Flack, 239 B.R. 155 (Bankr. S.D. Ohio 1999) (discussing burden of proof, elements, defenses, debtor's duties, notice, and factors for willfulness).

Because the Creditor did not respond to the Motion for Sanctions, the Court accepts as true all of the factual allegations contained in the Motion for Sanctions, including the allegation that the Creditor sent one bill for $103.69 to the Debtor on April 22, 2014, that the Creditor knew that the automatic stay was in effect at the time that it sent the bill, and that it intentionally sent the bill.  Those facts are sufficient to establish that there has been a willful violation of the automatic stay.

But in order to recover any monetary sanctions under § 362(k), the Debtor must prove that the Debtor is an "individual injured" by the willful violation of the automatic stay.  The Motion for Sanctions does not allege that the Debtor suffered any injury.  The closest that the

Motion for Sanctions comes to even alluding to a possible injury is the allegation in paragraph 12 that "Even a small medical bill can have a drastic impact on a person's credit when recovering from bankruptcy," and the allegation in paragraph 13 that "Even a small medical bill can have a significant impact on a person's health when they are recovering not only from the stress of illness but also the stress of bankruptcy." Neither of those paragraphs allege that the *Debtor* suffered any injury as a result of the Creditor sending the one bill for $103.69 on April 22, 2014. Significantly, there is no affidavit from the Debtor filed in support of the Motion for Sanctions that describes any injury that the Debtor suffered. Because the Motion for Sanctions does not allege that the Debtor has suffered any injury because of a willful violation of the automatic stay by the Creditor, the Court finds that the Debtor is not entitled to any actual damages in this case.

The Court likewise finds that the Debtor is not entitled to any punitive damages. There is no allegation in the Motion for Sanctions that the Creditor did anything more than send the one bill for $103.69 on April 22, 2014. The Motion for Sanctions does not allege that the Creditor repeated its violation of the automatic stay or disregarded a warning to stop violating the automatic stay. The Creditor sending a single bill to the Debtor is insufficient to warrant the Court imposing punitive damages.

The Debtor's two attorneys did file affidavits in support of their attorney fees. The Court does not doubt that they spent the time working on this file that their affidavits indicate. But that does not mean that these attorney fees are recoverable. As noted above, a monetary award under § 362(k)(1) is only required to be made when there is "an individual injured by any willful

violation of a stay." There is no allegation, let alone evidence, that the Debtor was injured by a willful violation of the automatic stay in this case. The Debtor's receipt of one bill, even though post-petition, does not prove that the Debtor suffered any injury. Because the Debtor did not suffer an injury from the Creditor's conduct in this case, the Court is not required to award any attorney fees.

The Court takes the automatic stay very seriously. It does not condone the Creditor – or any other creditor – taking collection actions post-petition. And the Court is sensitive to the damage that a stay violation can inflict upon an individual going through a bankruptcy case. But every stay violation does not warrant monetary damages under § 362(k)(1). The remedies under § 362(k)(1) are reserved for those individuals who suffer an injury as a result of a willful violation of the automatic stay. The Debtor in this case did not suffer any injury. The Motion for Sanctions does not appear to the Court to be intended as a means of compensating the Debtor for any injury, but instead as a contrivance to obtain a monetary award under § 362(k)(1) for an isolated technical violation of the stay despite the absence of any injury to the Debtor resulting from that violation. This is demonstrated by the fact that the attorneys' itemized time records show the first time entry on May 13, 2014, with the balance of the work all performed in July, 2014 and thereafter, with no evidence of further stay violations beyond the April 22, 2014 bill for $103.69. The Court is not required to make any monetary award in such circumstances.

In sum, the Court concludes that the allegations in the Motion for Sanctions, all of which are unaccompanied by any affidavit from the Debtor, do not establish that the Debtor has suffered any injury by reason of a willful violation of the automatic stay in this case. Despite

the absence of any response to the Motion for Sanctions, the Court concludes that the Debtor is not entitled to any monetary award under § 362(k)(1) of the Bankruptcy Code. Accordingly,

**IT IS HEREBY ORDERED** that the Motion for Sanctions (ECF No. 19) is denied.

.

**Signed on February 20, 2015**

```
     /s/ Phillip J. Shefferly
    Phillip J. Shefferly
    United States Bankruptcy Judge
```